UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 02-63-C**

**UNITED STATES OF AMERICA,**                                                                        **PLAINTIFF,**

**V.**                        **O R D E R**

**MARVIN HENDERSON,**                                                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

Pending before the court is Marvin Henderson's *pro se* motion to vacate and set aside his sentence under 28 U.S.C. § 2255.[1] R. 74. United States Magistrate Judge James D. Moyer has filed a Report and Recommendation, R. 81, to which Henderson objected. R. 82. Having reviewed the record *de novo* in light of the defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C), the court accepts the Report and Recommendation.

On February 27, 2003, this court entered a Judgment and Commitment Order after Henderson pleaded guilty to two counts of possession with intent to distribute. In the plea agreement, the defendant agreed to a ten-year sentence, and the government agreed to dismiss the third count in the indictment: possession of a firearm during and in relation to a drug trafficking offense. Henderson did not appeal this sentence.

---

[1] Because Henderson is proceeding *pro se*, the court applies a less stringent standard than it would otherwise apply in reviewing the present petition. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972); *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

1

On December 29, 2009, the defendant moved to modify the presentence report to delete any reference to gun possession so that he might become eligible for a one-year sentence reduction upon completion of the Bureau of Prison's ("BOP") Residential Drug Abuse Treatment Program ("RDAP"). The court denied the motion.

On March 16, 2010, the defendant filed this § 2255 motion, again seeking a revision to the presentence report. The defendant alleges the sentence is improper because the BOP thwarted the intentions of the sentencing court when it recommended that the defendant participate in the RDAP (R. 54). According to Henderson, this court's recommendation to participate in a drug treatment program "implies that it was the Court's intention in sentencing" that the defendant would be entitled to early release if he successfully completed the RDAP. The Magistrate Judge found Henderson's motion to be untimely and without merit, and this court agrees.

Henderson filed this motion far outside the one-year period of limitation. Henderson claims he did not know the facts necessary to bring this motion until he was told by the BOP that he was ineligible for the RDAP sentence reduction. This argument fails. The facts necessary to file the present motion were made plain at the plea hearing. There, the government explained that it was seeking a two-level enhancement for the *express purpose* of depriving Henderson of eligibility for the sentence reduction. *See* R. 81 at 4, n.3. Henderson's unique interpretation that the

RDAP program and the one-year reduction "go hand in hand" is insufficient to prevent the limitations period from barring his claim.

Henderson's remaining objections are a collection of false assumptions about the RDAP program that cannot form the basis of a viable § 2255 motion. The court's recommendation that he participate in the RDAP program does not suggest a desire that he be eligible for a reduction. The court recommended participation in the RDAP because the defendant needs it. Whether such participation entitles him to a sentence reduction, however, depends on BOP policy. That policy generally prohibits such a reduction if a firearm is possessed during the offense of conviction.

Last, Henderson's claim that his defense counsel advised him that the "BOP policy was subject to change at any time" actually undermines his argument. Assuming his counsel made this statement, it suggests that Henderson was fully informed by defense counsel that BOP policy drives eligibility for sentence reduction pursuant to participation in the RDAP.

Henderson's objections to the magistrate judge's report and recommendation are without merit. As to all other issues within the report and recommendation, this court agrees with the magistrate judge. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (R. 81) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the petitioner's habeas petition is **DISMISSED**, and that this action is **DISMISSED** and **STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as the petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1). None of the claims present a close issue involving a denial of a constitutional right or any other avenue of relief under § 2255. Consequently, Henderson is not entitled to a Certificate of Appealability.

Signed on September 15, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**